UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

-vs-                                                  Case No.  6:93-cr-121-Orl-19

ELVIS BRANDY

_____

# ORDER

This case comes before the Court on the following:

1.　Motion Under 18 U.S.C. § 3582(c)(2) to Modify or Reduce Term of Imprisonment Pursuant to U.S.S.G. § 1B1.10(c), Amendment 706, Effective March 3, 2008 by Defendant Elvis Brandy (Doc. No. 293, filed May 5, 2008);

2.　Order Directing Response on Retroactive Application of Crack Cocaine Amendment as to Defendant (Doc. No. 294, filed May 14, 2008);

3.　Response to Order for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) by the United States of America (Doc. No. 297, filed June 2, 2008);

4.　Response Regarding Retroactive Application of Revised Cocaine Base Sentencing Guidelines by Defendant (Doc. No. 300, filed July 29, 2008); and

5.　Supplement to Defendant's Previously-Filed Response (Regarding Retroactive Application of Revised Cocaine Base Sentencing Guidelines) and Notice Regarding Applicability of *United States v. Moore* by Defendant (Doc. No. 303, filed Oct. 6, 2008).

**Background**

Defendant Elvis Brandy pled guilty to Count One of the Indictment charging him with conspiracy to possess with intent to distribute cocaine base in violation of Title 21, United States Code, Section 846 (1994).  (Judgment, Doc. No. 154 at 1, filed June 29, 1995.)  Defendant was found responsible for 931 grams of cocaine base (crack cocaine).  (April 14, 1995 Presentence Investigation Report ("PSR") at 3, ¶ 11.)

Defendant's base offense level was calculated pursuant to Section 2D1.1 of the United States Sentencing Guidelines Manual (1994).[1]  (*Id.*)  However, Defendant was classified as a career offender under 1994 U.S.S.G. § 4B1.1 because he was at least eighteen years old at the time of the felony drug offense for which he was being sentenced, and he had at least two prior felony convictions of either a crime of violence or a drug offense.  (*Id.* at 4, ¶ 19.)  Therefore, his offense level was calculated according to 1994 U.S.S.G. § 4B1.1.  (*Id.*)  As a career offender, Defendant was assigned an offense level of 37 because the statutory maximum for his offense, as set forth in 21 U.S.C. § 841(b)(1)(A), was life imprisonment.  (*Id.*); 1994 U.S.S.G. § 4B1.1(A).  Defendant received a three-level reduction for acceptance of responsibility, resulting in a total adjusted offense level of 34.  (PSR at 4, ¶¶ 20-22.)

Defendant received a criminal history category of VI under 1994 U.S.S.G. § 4B1.1 because of his career offender designation.  (*Id.* at 7, ¶ 33.)  At sentencing, the Court did not find that this criminal history category substantially over-represented the seriousness of Defendant's criminal history or the likelihood that Defendant would commit other crimes; therefore, the Court did not

---

[1]     The Court will refer to the U.S. Sentencing Guidelines Manual as "U.S.S.G."  When referring to the version applicable at the time Defendant was sentenced, the 1994 publication, the Court will cite "1994 U.S.S.G."

grant a 1994 U.S.S.G. § 4A1.3 downward departure in Defendant's criminal history category.  (*See* Doc. No. 154.)

Defendant's applicable guideline range was determined according to the Sentencing Table in Chapter 5, Part A of the Guidelines.  The Sentencing Table provided that the sentencing range for offense level 34 and criminal history category VI is 262 to 327 months imprisonment.  1994 U.S.S.G. ch. 5, pt. A.  Defendant was sentenced within this range to 262 months of imprisonment. (Doc. No. 154 at 2.)

On November 1, 2007, the Sentencing Commission promulgated Amendment 706 which amended the Drug Quantity Table in U.S.S.G. §  2D1.1(c).  U.S.S.G. app. C, amend. 706 (2007). The effect of Amendment 706 was to provide a two-level reduction in base offense levels for crack cocaine offenses.  *See id.*  The Commission made this amendment retroactively applicable, effective March 3, 2008.  U.S.S.G. app. C, amend. 713 (supp. May 1, 2008) (listing Amendment 706 under U.S.S.G. § 1B1.10(c) as a retroactively applicable amendment).

Following the issuance of Amendment 706, Defendant filed a post-sentencing Motion for a Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2) (2006).  (Doc. No. 293.)  In addition, the Court directed the parties to file responses concerning the applicability of Amendment 706 to Defendant.  (Doc. No. 294.)  The Court also appointed a Federal Public Defender to represent Defendant "for the purpose of seeking a reduction of Defendant's sentence."  (*Id.* at 1.)  Pursuant to the Court's Order, the United States filed a Response in which it stated that Defendant was not entitled to a reduction in sentence because he was sentenced as a career offender.  (Doc. No. 297.) In contrast, Defendant stated in his Response that he should be entitled to a sentencing reduction even though he was sentenced as a career offender.  (Doc. No. 300.)

In these Responses, the parties disagreed as to whether Defendant was eligible for a reduction under 18 U.S.C. § 3582(c)(2); that is, whether Defendant's sentence, as a career offender, was based on a sentencing range that was subsequently lowered by the Sentencing Commission. After the parties submitted their Responses, the Eleventh Circuit of Appeals considered that exact issue in *United States v. Moore*, 541 F.3d 1323, 1325 (11th Cir. 2008).  Defendant has since filed a Supplemental Response to the Court's Order in which he addresses the *Moore* decision.  (Doc. No. 303.)  The matter is now ripe for review.

**Analysis**

**I.     The Applicable Law**

Section 3582(c) of Title 18 of the United States Code provides that a court "may not modify a term of imprisonment once it has been imposed," except that:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

The Sentencing Commission's policy statement concerning the application of 18 U.S.C. § 3582(c)(2) is set forth in U.S.S.G. § 1B1.10 and provides:

> In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below,[2] the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. 3582(c)(2).

---

[2]     Amendment 706 is listed in subsection (c) of U.S.S.G. § 1B1.10.

As required by 18 U.S.C. 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

U.S.S.G. § 1B1.10(a)(1). Subsection (a)(2) of this Guideline states that a sentence reduction "is not consistent with this policy statement and therefore not authorized under 18 U.S.C. § 3582(c)(2)" if "[a]n amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." *Id.* § 1B1.10(a)(2)(B) (supp. Mar. 3, 2008). In its official commentary, the Sentencing Commission further clarifies that a 18 U.S.C. § 3582(c)(2) reduction is not authorized under U.S.S.G § 1B1.10 if "an amendment listed in subsection (c) is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision." *Id.* at cmt. n.1(A).

In *United States v. Moore*, the Eleventh Circuit was asked to interpret this Guideline and determine whether a district court has jurisdiction under 18 U.S.C. § 3582(c)(2) to reduce the sentence of a criminal defendant who committed an offense involving crack cocaine, qualified as a career offender, and  was sentenced under U.S.S.G. § 4B1.1. *Moore*, 541 F.3d at 1325. The Eleventh Circuit explained that a career offender's sentence is "based on" the guideline ranges found in U.S.S.G. § 4B1.1. *Id.* at 1327. Such a defendant's base offense level under U.S.S.G. § 2D1.1 plays "no role in the calculation" of the guideline range. *Id.* Thus, Amendment 706's effect on the defendant's base offense level would not lower the guideline range upon which his or her sentence was based. *Id.*

In reaching its decision, the Eleventh Circuit considered the Sentencing Commission's official commentary in U.S.S.G. § 1B1.10 Application Note 1(A). *Id.* at 1327-28. The Court stated that this Note "makes clear" that U.S.S.G. § 1B1.10(a) "was intended to apply" in career offender

cases. *Id.* at 1327. The Court explained that, in a case involving a career offender, Amendment 706 is "applicable to" the defendant in that it reduces the defendant's base offense level. *Id.* at 1328. However, Amendment 706 "does not have the effect of lowering [the defendant's] applicable guideline range[] because of the applicability of the career offender guideline." *Id.* Therefore, the Court concluded that when "a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based," such as when a defendant is sentenced as a career offender, "[18 U.S.C.] § 3582(c)(2) does not authorize a reduction in sentence." *Id.* at 1330.[3]

## II.   Application of the Law to Defendant

In his Supplementary Response addressing the implications of *Moore*, Defendant acknowledged that "the Eleventh Circuit ruled, in general, that persons sentenced as career offenders are not eligible for the reduction under the crack amendment (Amendment 706), with a limited exception." (Doc. No. 303 at 1, ¶ 1.) Defendant further acknowledged that "[t]he exception set forth in *Moore* does not explicitly apply in this case." (*Id.* ¶ 2.) Nevertheless, because the *Moore* decision had not yet been issued as a mandate, Defendant included the argument section of the petition for rehearing *en banc* filed by the *Moore* defendants to preserve the issues stated therein. (*Id.* at 1-2, ¶¶ 3-4.) After Defendant filed his Supplementary Response, however, the Eleventh Circuit denied the petition for rehearing *en banc* in *Moore*. *United States v. Moore*, No. 08-11230 (11th Cir. Nov. 4, 2008) (order denying rehearing *en banc*).

---

[3]     The Eleventh Circuit excluded from its holding those cases in which a court determined, pursuant to U.S.S.G. § 4A1.3, that the seriousness of the defendant's criminal history would be substantially overrepresented if the defendant were sentenced under U.S.S.G. § 4B1.1, and the district court therefore declined to sentence the defendant as a career offender. *Moore*, 541 F.3d at 1329-30.

The Eleventh Circuit's decision in *Moore* is binding on this Court, and Defendant's case falls squarely within its holding. Defendant's sentence was not based on a sentencing range that has been subsequently lowered by the Sentencing Commission because he was sentenced as a career offender under U.S.S.G. § 4B1.1. The Court did not depart from the career offender criminal history category in determining Defendant's sentence; therefore, the limited exception discussed in *Moore* does not apply. Accordingly, the Court lacks jurisdiction to reduce Defendant's sentence under 18 U.S.C. § 3582(c)(2).

### Conclusion

Based on the foregoing, the Motion for Reduction of Sentence by Defendant Elvis Brandy (Doc. No. 293, filed May 5, 2008) is **DENIED**, and the Court's Order at Docket Number 294, filed on May 14, 2008, is discharged.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on November 23, 2008.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Defendant
Attorney for Defendant
Attorney for the United States
United States Probation